UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LONNIE CHARLES CARGILE,
   Plaintiff

 vs               Case No. C-1-06-745
                  (Dlott, J)
UNITED STATES COURTHOUSE,   (Hogan, M.J.)
   Defendant

**REPORT AND RECOMMENDATION**

  This matter is before the Court on the Federal Defendant's Motion to Dismiss (Doc. 3). To date, no response has been filed by Plaintiff. Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

**BACKGROUND**

  On November 1, 2006 this case was removed to this Court from the Hamilton County Ohio Municipal Court, Small Claims Division. Plaintiff's Complaint states that Plaintiff is due the sum of "As heretofore filed, et. al., etc. $3000.00" for the reason that "as heretofore filed, et al, etc, no answer" (Doc. 2).

**OPINION**

  Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

  In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to

the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

Plaintiff's pro se complaint alleges that Plaintiff is due the sum of $3000.00 for the reason that "as heretofore filed, et al, etc., no answer." (Doc. 2). In this case, Plaintiff has failed to assert any claim with an arguable basis in fact or law and has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's allegations are incomprehensible and his factual allegations nonexistent. There is no logical construction of Plaintiff's Complaint from which the Court can divine a viable claim against the Defendant over which the Court might have jurisdiction.

Accordingly, the Court recommends that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Federal Defendant's Motion to Dismiss (Doc. 3) be GRANTED and Plaintiff's Complaint be DISMISSED;

2) This case be TERMINATED on the Court's Docket.


Date:  12/11/2006           s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\MTNDISM\Cargile.mtd.wpd

1:06cv745 Doc. 4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Lonnie Charles Cargile<br>5034 Oberlain Blvd.<br>Cinti, OH 45237 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0006 5230 5370 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-0835